PETITION OF BOSCAWEN AND PETITION OF CANTERBURY.

Upon a motion in the Court of Common Pleas to dismiss a petition to discontinue a new highway, as being vexatiously prosecuted after repeated applications had failed, the costs of *exparte* affidavits taken in support of the motion were disallowed.

THESE were petitions for the discontinuance of a highway, which were entered in this court at the March term, 1855. The petitioners then moved to refer the petitions to the Road Commissioners, and a motion was made in behalf of an individual who appeared to oppose the discontinuance, to dismiss the petitions. The questions of law raised by these two motions were transferred to the Supreme Judicial Court; and the facts upon which either party relied in support of his motion, and the decision of the questions raised, are reported. 33 N. H. 421. The parties took numerous affidavits, and made surveys and plans on both sides to be laid before the court in support and in opposition to these motions. All these affidavits, &c., were taken *exparte*, and before such magistrate as was most convenient for the party taking the same. No notice was given to the opposite party of the taking of the affidavits, nor was any commissioner appointed to take them. Upon this evidence the petitions were dismissed.

The respondent moved that he might be allowed to tax costs for these affidavits, surveys and plans; but his motion was denied and the respondent excepted; and the question of law arising upon the case was transferred to the Supreme Court.

*H. A. Bellows*, for the petitioners.

*George & Foster*, for the towns.

BELL, J. It has never been the practice of any of the courts of this State to allow costs for *exparte* affidavits, or

other evidence offered upon the hearing of merely incidental motions; and no reason is perceived for a change of the practice in this particular. The present case is not distinguishable in any material respect from the ordinary case of affidavits in support of a motion for a continuance. A decision in favor of the motion to dismiss the petition may perhaps end the case, but this is equally true of many other incidental motions. The merits of the case presented by the petition are not in question, upon a motion to dismiss the petition. The ground of the application is, that the merits of the case have been substantially decided upon former applications so often as to render a new application vexatious. The general policy of the statutes is to vest in the county commissioners the sole power of deciding upon the merits of the applications for new highways, or for leave to discontinue those already laid out. It is not desirable for the courts to claim or exercise any part of the duty belonging to that board. A comparison of the circumstances existing at the time of a former decision with those now existing, may be better made by a tribunal which is bound to visit the localities and examine for themselves. It is not, therefore, desirable to encourage attempts to transfer such investigations to the Courts of Common Pleas. And it should, therefore, be understood that such petitions will be referred to the commissioners, unless it is clearly shown that the petition is vexatious.

Even in cases which are heard upon written evidence laid before the court, evidence taken after an appearance is held incompetent, unless taken with notice. *Fitts* v. *Fitts*, Rockingham, July term, 1851.

The respondent's exceptions are overruled, and the

*Costs disallowed.*